IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN A ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV390 |
| | ) | |
| V. | ) | |
| | ) | |
| THE NEBRASKA MEDICAL CENTER, a Nebraska non-profit corporation, | ) ) ) | ORDER |
| | ) | |
| Defendant. | ) | |

     This is an action brought by Plaintiff to remedy alleged discriminatory employment practices under 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. (Filing 1.) On December 14, 2012, Defendant filed a motion to strike Paragraph Nos. 12, 13, 16, 22, 23 and 24 of the Complaint, arguing that these paragraphs contain purported allegations of fact that are immaterial, inadmissible and prejudicial to Defendant. (Filing 5.) Specifically, these paragraphs cite or refer to portions of the Nebraska Equal Opportunity Commission's ("NEOC") determination related to this matter.

     Plaintiff filed an Amended Complaint on January 7, 2013. (Filing 7.) However, for the most part, the disputed portions of the Complaint remain in the Amended Complaint. Therefore, the Court will address Defendant's motion to strike.

## DISCUSSION

     Federal Rule of Civil Procedure 12(f) provides a mechanism for the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court possesses liberal discretion when ruling on motions to strike under Rule 12(f). *BJC Health Sys. v. Columbia Cas. Co.,* 478 F.3d 908, 917 (8th Cir. 2007). "However, courts view motions to strike with disfavor because striking is an extreme measure and the motion may only serve to delay proceedings." *Super 8*

*Worldwide, Inc. v. Riro, Inc*., No. 8:11CV319, 2011 WL 5827801, *2 (D. Neb. Nov. 18, 2011). "[E]ven matters that are not strictly relevant to the principal claim at issue should not necessarily be stricken, if they provide important context and background to claims asserted or are relevant to some object of the pleader's suit." *Holt v. Quality Egg, L.L.C.,* 777 F. Supp.2d 1160, 1168 (N.D. Iowa 2011) (internal quotation and citation omitted).  Generally, "[t]o prevail on a motion to strike text from the complaint, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant."  *Super 8 Worldwide*, 2011 WL 5827801 at *2 (quotation and citation omitted).

Defendant argues that the above-referenced paragraphs should be stricken because they cite and refer to portions of an "inadmissible" NEOC determination.  However, the question of the admissibility of the NEOC determination is a separate issue from whether references to the determination should be stricken from the Complaint.  Defendant has not demonstrated that the challenged paragraphs have no bearing on the subject matter of this litigation or are unduly prejudicial.  Also, the challenged paragraphs appear to provide context and background to the claims asserted in this suit.  Given these circumstances, as well as courts' general disfavor of motions to strike, Defendant's motion will be denied.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Strike (filing 5) is denied.

**DATED January 25, 2013.**

               **BY THE COURT:**

               S/ F.A. Gossett
               **United States Magistrate Judge**