IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN A. ANDERSON | ) | CASE NO. 8:12-CV-00390-FG3 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | PROTECTIVE ORDER |
| THE NEBRASKA MEDICAL CENTER, a Nebraska non-profit corporation, | ) ) ) | |
| Defendant. | ) ) | |

Pursuant to the parties' Stipulation for Protective Order (filing 31),

IT IS ORDERED:

1. The parties may disclose documents they designate "Confidential" to each other and their attorneys.

2. The designation shall *not* be embossed upon the face of the document produced, but shall be set forth in an accompanying description of all documents produced with sufficient specificity to identify, by date, title or author and recipient, and identification or pagination number, the document so designated.

3. Any and all of the aforesaid materials disclosed by either party, and the contents thereof shall be maintained in confidence by counsel for the Plaintiff and all other parties to the above-captioned litigation.

4. The recipient may, within 30 days after receipt of the documents, object to the designation of any or all documents as "confidential" by the producing party. Thereafter, the documents shall remain confidential despite the objection for an additional 30 days. Upon expiration of the second 30 days following discovery, the documents shall no longer be confidential unless, before the expiration of the second 30 day time period, the producing party who designated the document(s) "confidential" files a Motion with the Court for an order declaring the documents confidential and subjecting them to a Protective Order.

5. Any and all of the aforesaid materials disclosed by either party and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

6. No person who examines any document produced pursuant to this Order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person not also authorized to examine documents under the terms of this Order.

7. Witnesses, or personnel outside the law firm(s) of the recipient party shall be notified of this Stipulation and the Court's Order approving it, or any other Court Order governing the documents, and informed of their duty to abide by the Court's Order.

8. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

9. Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the documents subject to this Protective Order and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

10. Within 60 days after a final order rendered, entered, and becomes nonappealable in the litigation in which the documents are produced, the recipient party shall destroy all documents and all copies in that party's possession and, upon written request of the producing party made after the rendition and entry of final judgment, return the originally produced set of the documents to the producing party.

11. A breach of the terms of this Order shall entitle the disclosing party, to appropriate sanctions, including but not limited to attorneys fees and costs incurred in the enforcement of this Order.

IT IS SO ORDERED.

DATED July 1, 2013.

BY THE COURT:

S/ F.A. Gossett
United States Magistrate Judge