IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN A ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV390 |
| | ) | |
| V. | ) | |
| | ) | |
| THE NEBRASKA MEDICAL CENTER, a Nebraska non-profit corporation, | ) ) ) | ORDER |
| | ) | |
| Defendant. | ) | |

This is an employment discrimination action in which Plaintiff alleges that his employment with Defendant was terminated based on his race and color. (Filing 7.) Plaintiff has filed a motion requesting that the Court compel Defendant to provide supplemental answers to interrogatories and requests for production of documents (filing 43). Plaintiff's motion further asks that the Court impose sanctions on Defendant for its alleged failure to fully respond to the discovery requests. Plaintiff's motion will be granted, in part.

**DISCUSSION**

On October 15, 2013, Plaintiff filed a motion requesting that the Court compel Defendant to supplement its responses to Interrogatory Nos. 2 and 5, and produce all documents responsive to Document Production Request Nos. 5 and 9. The subject discovery requests provide as follows:

> Interrogatory No. 2: Identify each type of benefit to which Plaintiff would have been entitled, from the date of his termination to the present, if he had not been terminated and he had remained in the same job position. For each type of benefit, state the amount the employer would have paid to provide the benefit to Plaintiff during the time period, and the value of the benefit to the employee.
>
> Interrogatory No. 5: Identify and describe the work history of Plaintiff with the Defendant, including each position held by Plaintiff and dates for same, the

duties and responsibilities for each position, the pay grades at each position and Plaintiff's rate of pay, and employee benefits available and received by Plaintiff in each position.

Request No. 5: Produce a complete copy of files relating to the Plaintiff, including his personnel file and all documents pertaining to duties, salary, hours, overtime, promotions, evaluations, discipline, benefits, retirement and discharge.

Request No. 9: Produce all documents and electronically stored information concerning payroll and overtime, and all benefits, including but not limited to retirement, pension, 401(k), insurance, vacation, and sick leave, for Plaintiff during his employment with you, and all documents or electronically stored information reflecting what would have been available to date had Plaintiff remained employed with you to the present.

(Filing 45.) Subsequent to the filing of Plaintiff's motion to compel, Defendant supplemented its response to Interrogatory No. 2. As part of its supplemental response, Defendant also attached several charts, bates numbered NMC00749-00753, which purportedly list Plaintiff's employment benefits.

Plaintiff maintains that Defendant's discovery responses remain deficient. In particular, Plaintiff complains that Defendant refuses to provide W-2's and pay stubs as requested, despite Plaintiff's agreement to limit the production to the last five years before the termination of Plaintiff's employment with Defendant. Plaintiff further asserts that the charts Defendant included with its supplementation are indecipherable and do not assist Plaintiff in obtaining the requested information.

Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." Moses v. Halstead, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnote omitted).

Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). Therefore, "[t]he party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *Whittington v. Legent Clearing, LLC*, No. 8:10CV465, 2011 WL 6122566, * 3 (D. Neb. Dec. 8, 2011) (citation omitted). The party resisting discovery must "show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome." *Id*.

Having reviewed the matter, the Court will order Defendant to further supplement its discovery responses to specifically include, among other responsive information, Plaintiff's W-2's and pay stubs. These documents are clearly relevant to this employment discrimination action. Defendant maintains that it has no obligation to produce these materials because Plaintiff should already have them in his possession. This assertion has no merit. Although these documents may have been provided to Plaintiff during his employment, this fact does not relieve Defendant of the duty to produce the documents if they are in Defendant's possession. *See Gomez v. Tyson Foods, Inc*., No. 8:08CV21, 2012 WL 3111897, *4 (D. Neb. July 31, 2012) (stating that "an objection based on information that the moving party is already in possession of documents it seeks to obtain by inspection, is an insufficient response to requests for production; a party is required to produce documents in its possession, custody, or control, regardless of whether it believes the requesting party already has those documents").

Moreover, the Court agrees with Plaintiff that the charts which accompanied Defendant's supplemental discovery response are difficult to understand. Plaintiff's discovery requests seek straightforward information, it should not be overly burdensome for Defendant to provide the requested information in a clear, comprehensible manner.

Accordingly,

3

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel Answers to Interrogatories and Responses to Requests for Production of Documents and Request for Sanctions (filing 43) is granted, in part.

2. Within ten (10) days of this Order, Defendant shall supplement its responses to Interrogatory Nos. 2 and 5, as well as its responses to Request Nos. 5 and 9. This supplemental production shall include Plaintiff's W-2's and pay stubs from the last five years of Plaintiff's employment with Defendant should these documents be in Defendant's possession, custody or control. The supplementation shall also include a statement of the dollar cost of all insurance and other benefits provided by Defendant to Plaintiff during the last five years of Plaintiff's employment with Defendant.

3. Plaintiff's request for sanctions is denied.

**DATED November 27, 2013.**

                                              **BY THE COURT:**

                                              **S/ F.A. Gossett**
                                              **United States Magistrate Judge**